Bill Bradley, Esq.
Nevada State Bar No. 1365
BRADLEY, DRENDEL & JEANNEY, LTD.
P.O. Box 1987
Reno, NV 89505
Telephone No. (775) 335-9999
Facsimile No. (775) 335-9993
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID STEPHEN COLLIS; LORI ANNE COLLIS; JAMES ROBERT ADAMSON; JOY LURLINE ADAMSON,<br><br>Plaintiffs,<br><br>v.<br><br>PERI & SONS FARMS, INC.; FRADE RANCHES, INC.; JASON MICHAEL POPPLEWELL; MATTHEW L. SHARP, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF EVERETT SPRADLIN; JOHN DOES I through X, inclusive; ABC CORPORATIONS I through X, inclusive; and BLACK AND WHITE COMPANIES I through X, inclusive,<br><br>Defendants.<br>_____/ | Case No. 3:17-cv-00071 |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiffs, DAVID STEPHEN COLLIS, LORI ANNE COLLIS, JAMES ROBERT ADAMSON and JOY LURLINE ADAMSON, by and through their counsel of record, Bill Bradley, Esq. of the law firm of Bradley, Drendel and Jeanney, Ltd., for causes of action against the Defendants, and each of them, hereby allege and complain as follows:

**PARTIES & JURISDICTION**

1. At all times material hereto, Plaintiffs DAVID STEPHEN COLLIS and LORI ANNE COLLIS, husband and wife were and are residents of Thessalon, Ontario, Canada.

2. At all times material hereto, Plaintiff JAMES ROBERT ADAMSON and JOY LURLINE ADAMSON, husband and wife were and are residents of Port Coquitlam, British Columbia, Canada.

-1-

Our File No. 202857

3. Based upon information and belief, Defendant JASON M. POPPLEWELL was and is a resident of Yerington, Lyon County, Nevada.

4. Based upon information and belief, Defendant EVERETT SPRADLIN was a resident of Yerington, Lyon County, Nevada and died in the State of Nevada.

5. That on May 1, 2017, MATTHEW L. SHARP was appointed as Special Administrator of the Estate of EVERETT SPARDLIN (hereinafter referred to as "Defendant Everett Spardlin).

6. Based upon information and belief, Defendant FRADE RANCHES, INC., is domestic corporation, doing business in the State of Nevada (hereinafter referred to as "Defendant Frade Ranches") Upon information and belief Defendant Frade Ranches owns real property south and adjacent to US95A in the vicinity of the subject incident that is the basis of this present action. Upon and information and belief, Defendants were in the process of converting said property from alfafa farms to an onion farm during the subject incident that is the basis of this present action.

7. Based upon information and belief, Defendant PERI & SONS FARMS, INC., is a domestic corporation, doing business in the State of Nevada (hereinafter referred to as "Defendant Peri & Sons") Upon information and belief Defendant Peri & Sons owns real property south and adjacent to US95A in the vicinity of the subject incident that is the basis of this present action. Upon and information and belief, Defendants were in the process of converting said property from alfafa farms to an onion farm at the time of the subject incident that is the basis of this present action.

8. Pursuant to NRCP 10(a) and *Nurenberger Hercules-Werke GMBH, vs. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of Defendants designated as JOHN DOES I through X, inclusive; ABC CORPORATIONS I through X, inclusive; and BLACK AND WHITE COMPANIES I through X, inclusive are unknown at the present time; however, it is alleged and believed these Defendants were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, and that said fictitiously designated Defendants are jointly and severally liable for the damages sustained by Plaintiffs as alleged herein. When Plaintiffs become aware of the true names of said Defendants, they will seek leave to amend this Complaint in order to state the true names in the place and stead of such fictitious names.

LAW OFFICE OF BRADLEY, DRENDEL & JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 202857

9. Plaintiffs do not know the true names and capacities, whether corporate or otherwise, of these Defendants sued herein as JOHN DOES I through X, inclusive; ABC CORPORATIONS I through X, inclusive; and BLACK AND WHITE COMPANIES I through X, inclusive and Plaintiffs pray leave that when the true names of said Defendants are ascertained, they may insert the same at the appropriate allegations. Plaintiffs are informed and believes, and upon such information and belief, allege that each of the Defendants designated herein by such fictitious names are negligently responsible in some manner for the events and happenings herein referred to and negligently caused the injuries to Plaintiffs. Plaintiffs further allege that each Defendant designated herein by such fictitious names are and at all times relevant hereto were, agents of each other and have ratified the acts of each other Defendant and acted within the course and scope of such agency and have the right to control the actions of the remaining Defendants.

10. At all times herein mentioned, Defendants, and each of them, were the apparent ostensible principals, principals, apparent ostensible agents, agents, apparent ostensible servants, servants, apparent ostensible employees, employees, apparent ostensible assistants, assistants, apparent ostensible consultants and consultants of their Co-Defendants, and were as such acting within the course, scope and authority of said agency and employment, and that each and every act of such Defendants, as aforesaid, when acting as a principal, agent, employee, assistant or consultant, were responsible in some manner for the events and happenings herein referred to.

### FIRST CAUSE OF ACTION
### (Negligence)

11. Plaintiffs reallege Paragraphs 1 through 10 of this Amended Complaint and incorporates the same herein as though set forth at length.

12. That on or about February 6, 2015, Plaintiff DAVID STEPHEN COLLIS was driving a 2004 Honda Accord northbound on highway US95A, approaching Lyon County mile marker 10. Plaintiff JAMES ROBERT ADAMSON was the front seat passenger.

13. That on said date, Plaintiff DAVID STEPHEN COLLIS slowed his vehicle due to dirt blowing across highway US95A.

14. That on said date, Defendant JASON MICHAEL POPPLEWELL was driving a 1998 Chevrolet Venture also northbound on highway US95A behind Plaintiffs vehicle.

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 202857

-3-

15. That on said date, Defendant JASON MICHAEL POPPLEWELL was driving the 1998 Chevrolet Venture with the consent and permission of Defendant ESTATE OF EVERETT SPRADLIN, the register owner of the vehicle.

16. That at all times mentioned herein Defendant JASON MICHAEL POPPLEWELL had a duty to operate his vehicle in a careful, safe and prudent manner and to avoid harm to members of the public, including Plaintiffs.

17. That at all time mentioned herein Defendant JASON MICHAEL POPPLEWELL breached this duty of care by failing to maintain, operate, control and drive his vehicle in a safe manner, thereby causing severe injuries Plaintiffs.

18. That on said date, Defendant JASON MICHAEL POPPLEWELL negligently, carelessly and recklessly failed to stop or slow his vehicle and negligently, carelessly and recklessly crashed into the rear of Plaintiffs' vehicle, causing substantial bodily injuries upon Plaintiffs.

19. That on said date, Defendants Frade Ranches and Peri & Sons Farms had a duty to take reasonable dust abatement measures and had a duty to take appropriate steps to provide warnings to oncoming drivers regarding the dangerous conditions caused by the disruption of the property adjacent to highway USA95A.

20. Upon information and belief, and despite dust wind weather warnings, Defendants Frade Ranches and Peri & Sons breached their duty to take reasonable dust abatement measures and breached their to duty to take appropriate steps to provide warning to oncoming drivers of the conditions on highway US95A.

21. That on said date, Defendants Frade Ranches and Peri & Sons Farms negligently, carelessly and recklessly failed to take reasonable dust abatement measures and negligently, carelessly and recklessly failed to warn oncoming drivers of the dangerous conditions on highway US95A.

22. As a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff DAVID STEPHEN COLLIS has sustained and will in the future sustain severe personal injuries, causing severe anguish, pain and suffering, all to his general damage in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 202857

-4-

23. As a further direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, as aforesaid, Plaintiff DAVID STEPHEN COLLIS has incurred hospital, doctor and medical bills, and will incur further medical bills in the future, in an amount that is presently unknown. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

24. As a further direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, as aforesaid, Plaintiff DAVID STEPHEN COLLIS has incurred and will incur in the future, a loss of earnings and earning capacity in an amount presently unknown to Plaintiff. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

25. As a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff JAMES ROBERT ADAMSON has sustained and will in the future sustain severe personal injuries, causing severe anguish, pain and suffering, all to his general damage in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

26. As a further direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, as aforesaid, Plaintiff JAMES ROBERT ADAMSON has incurred hospital, doctor and medical bills, and will incur further medical bills in the future, in an amount that is presently unknown. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

27. As a further direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, as aforesaid, Plaintiff JAMES ROBERT ADAMSON has incurred and will incur in the future, a loss of earnings and earning capacity presently unknown to Plaintiff. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

## SECOND CAUSE OF ACTION
### (Negligence per se)

28. Plaintiffs reallege Paragraphs 1 through 27 of this Amended Complaint and incorporates the same herein as though set forth at length.

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 202857

-5-

29. That at the time of the events stated in this Complaint, there existed in the State of Nevada, statutes, laws and ordinances, including NRS 484B.600, designed to regulate and control the operation of motor vehicles along the highways of this state for, among other thing, the protection and safety of the general public.

30. In particular, and among other laws, Defendant JASON MICHAEL POPPLEWELL had a duty under NRS 484B.600 to decrease the speed of his vehicle, so as to avoid colliding with another vehicle. Plaintiffs allege upon information and belief that at the time and place of the injuries and damages complained of herein, Defendant JASON MICHAEL POPPLEWELL did not comply with the aforesaid laws and was in violation of those laws.

31. During all times relevant to this Complaint, Plaintiffs were members of the class of persons which the aforesaid statutes, laws and ordinances were designed to protect against the risk of harm which was, in fact, incurred by Plaintiffs as a result of Defendant's violation of the law.

32. That Defendant's violation of the law as aforesaid was without any excuse, and constitutes negligence per se, creating a conclusive presumption on the issue of the Defendant's negligence and liability of which Plaintiffs complain.

33. As a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff DAVID STEPHEN COLLIS has sustained and will in the future sustain severe personal injuries, causing severe anguish, pain and suffering, all to his general damage in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

34. As a further direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, as aforesaid, Plaintiff DAVID STEPHEN COLLIS has incurred hospital, doctor and medical bills, and will incur further medical bills in the future, in an amount that is presently unknown. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

35. As a further direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, as aforesaid, Plaintiff DAVID STEPHEN COLLIS has incurred and will incur in the future, a loss of earnings and earning capacity in an amount presently unknown to Plaintiff. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

Our File No. 202857

36. As a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff JAMES ROBERT ADAMSON has sustained and will in the future sustain severe personal injuries, causing severe anguish, pain and suffering, all to his general damage in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

37. As a further direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, as aforesaid, Plaintiff JAMES ROBERT ADAMSON has incurred hospital, doctor and medical bills, and will incur further medical bills in the future, in an amount that is presently unknown. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

38. As a further direct and proximate result of negligence, carelessness and recklessness of Defendants, and each of them, as aforesaid, Plaintiff JAMES ROBERT ADAMSON has incurred and will incur in the future, a loss of earnings and earning capacity in an amount presently unknown to Plaintiff. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

### THIRD CAUSE OF ACTION
### (Loss of Consortium)

39. Plaintiffs reallege Paragraphs 1 through 38 of this Amended Complaint and incorporates the same herein as though set forth at length.

40. As a further legal cause of the aforementioned negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff LORI ANNE COLLIS has suffered and will suffer in the future the loss of her husband's companionship, comfort, society, love and affection, in an amount in excess of $10,000.00.

41. As a further legal cause of the aforementioned negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff JOY LURLINE ADAMSON has suffered and will suffer in the future the loss of her husband's companionship, comfort, society, love and affection, in an amount in excess of $10,000.00.

### FOURTH CAUSE OF ACTION
### (Negligent Entrustment)

42. Plaintiffs reallege Paragraphs 1 through 41 of this Amended Complaint and incorporates the same herein as though set forth at length.

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 202857

43.     That Defendant EVERETT SPRADLIN had a duty to entrust his 1998 Chevrolet Venture to someone experienced and/or competent.

44.     That Defendant EVERETT SPRADLIN breached this duty by entrusting Defendant JASON MICHAEL POPPLEWELL with his 1998 Chevrolet Venture.

45.     That Defendant EVERETT SPRADLIN negligently, carelessly and recklessly entrusted Defendant JASON MICHAEL POPPLEWELL with his 1998 Chevrolet Venture on or about February 6, 2015.

46.     That as a direct and proximate result of the negligent entrustment by Defendant EVERETT SPRADLIN, as aforesaid, Plaintiff DAVID STEPHEN COLLIS has sustained and will in the future sustain severe personal injuries, causing severe anguish, pain and suffering, all to his general damage in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

47.     As a further direct and proximate result of the negligent entrustment by Defendant EVERETT SPRADLIN, as aforesaid, Plaintiff DAVID STEPHEN COLLIS has incurred hospital, doctor and medical bills, and will incur further medical bills in the future, in an amount that is presently unknown. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

48.     As a further direct and proximate result of the negligent entrustment by Defendant EVERETT SPRADLIN, as aforesaid, Plaintiff DAVID STEPHEN COLLIS has incurred and will incur in the future, a loss of earnings and earning capacity in an amount presently unknown to Plaintiff. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

49.     That as a direct and proximate result of the negligent entrustment by Defendant EVERETT SPRADLIN, as aforesaid, Plaintiff JAMES ROBERT ADAMSON has sustained and will in the future sustain personal injuries, causing severe anguish, pain and suffering, all to his general damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

50.     As a further direct and proximate result of the negligent entrustment by Defendant EVERETT SPRADLIN, as aforesaid, Plaintiff JAMES ROBERT ADAMSON has incurred hospital, doctor and medical bills, and will incur further medical bills in the future, in an

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

-8-

Our File No. 202857

amount that is presently unknown. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

51. As a further direct and proximate result of the negligent entrustment by Defendant EVERETT SPRADLIN, as aforesaid, Plaintiff JAMES ROBERT ADAMSON has incurred and will incur in the future, a loss of earnings and earning capacity in an amount presently unknown to Plaintiff. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray judgment against the Defendants, each of them, as follows:

1. For leave to amend the Complaint upon discovery of the true names and identities of each Doe defendant;
2. For past and future medical and incidental expenses which will be shown according to proof;
3. For past and future general damages to Plaintiff DAVID STEPHEN COLLIS , each in a sum in excess of $10,000.00;
4. For past and future general damages to Plaintiff JAMES ROBERT ADAMSON, each in a sum in excess of $10,000.00.
5. For past and future loss of income and earning capacity to Plaintiff DAVID STEPHEN COLLIS which will be shown according to proof;
6. For past and future loss of income and earning capacity to Plaintiff JAMES ROBERT ADAMSON which will be shown according to proof;
7. For the loss of companionship, comfort, society, love and affection to Plaintiff LORI ANNE COLLIS, in the sum in excess of $10,000;
8. For the loss of companionship, comfort, society, love and affection to Plaintiff JOY LURLINE ADAMSON , in the sum in excess of $10,000;
9. For costs of suit and reasonable attorney fees herein;

LAW OFFICE OF BRADLEY, DRENDEL & JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 202857

10. For pre-judgment and post-judgment interest as allowed by law; and

11. For such other and further relief, at law or in equity, as this Court may deem equitable and just.

AFFIRMATION Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding document does not contain the social security number of any person.

Dated this ____ day of May 2017.

BRADLEY, DRENDEL & JEANNEY

_/s/ Bill Bradley_____
Bill Bradley, Esq.
Nevada State Bar No. 1365
BRADLEY, DRENDEL & JEANNEY
P.O. Box 1987
Reno, NV 89505
Telephone No. (775) 335-9999
Facsimile No. (775) 335-9993
*Attorney for Plaintiffs*

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

-10-

Our File No. 202857